```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KENT A. ALLEN,<br><br>　　　　　　　　Plaintiff,<br><br>-against-<br><br>KEYSHIA COLE; BMG US HARTWIG MASUCH; and FACEBOOK MARK ZUCKERBERG,<br><br>　　　　　　　　Defendants. | 21-CV-3450 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

　　Plaintiff, who is appearing *pro se*, brings this action asserting claims for appropriation of his ideas for the search engine Google and the social media platform Instagram. He invokes the Court's diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction.

　　By order dated April 30, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim and warns Plaintiff that the Court may impose an injunction barring him from filing future actions IFP without leave from the Court.

## STANDARD OF REVIEW

　　The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

In a prior action assigned to this Court, Plaintiff Kent Allen raised the same claims raised here but named different defendants. *See Allen v. Patton*, ECF 1:21-CV-3434, 2 (S.D.N.Y. Apr. 30, 2021). Plaintiff attached the same statement of facts to the complaints in both this action and the prior action. (*See* ECF 2, at 7; ECF 1:21-CV-3434, 2, at 6.) In addition to the statements of facts, Plaintiff also attached a further page to his complaint in this action, in which he states: "Instagram owned by Facebook Case Study stashmoneyapp . . . turnupdeejay.com . . . telejive.com . . . grabyourwaist.com . . . frostburst.com . . . [and] ohsnaptv.com[.]" (ECF 2, at 11) (ellipsis added). For each of the actual or purported websites, Plaintiff provides a brief description. For example, he describes frostburst.com as follows: "Could be given to Nike as a shoe product or use as a[n] ice cream shop to compliment Facebook." (*Id.*) Otherwise, Plaintiff alleges identical facts in both complaints. The Court therefore assumes familiarity with the complaint in 21-CV-3434 for the purposes of this order.

## DISCUSSION

The Court construes Plaintiff's allegations that he had the idea for the Instagram platform and Google's search engine and map software but was not credited or compensated for these ideas as seeking relief for copyright or patent infringement. The Court also construes Plaintiff's allegations that he was deprived of the ability to profit from registration of various well-known domain names, including the domain names Google, Amazon, and Postmates, as seeking relief for "cybersquatting."

### A. The Copyright Act

The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible

expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). To establish copyright infringement, a claimant must show: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any software or other tangible expression of his ideas or that he holds any copyright.

**B.      Patent Infringement**

"[T]he act of invention itself vests an inventor with a common law or 'natural' right to make, use and sell his or her invention, absent conflicting patent rights in others." *Arachnid, Inc.*

3

*v. Merit Indus., Inc.*, 939 F.2d 1574, 1578 (D.C. Cir. 1991). But a patent "enlarges the natural right, adding to it the right to exclude others from making, using or selling the patented invention." *Id.* "[O]wnership only of the invention gives no right to exclude, which is obtained only from the patent grant." *Id.* at 1578–79.

The Patent Act of 1952 provides that a civil action for infringement may be brought by "a patentee." 35 U.S.C. § 281. The statute defines "patentee" to include the party to whom the patent was issued and the successors in title to the patent, 35 U.S.C. § 100(d), and has been interpreted to require that a suit for infringement be brought by a party holding legal title to the patent, *Arachnid, Inc.*, 939 F.2d at 1578-79. To state a claim of patent infringement, a plaintiff must allege facts suggesting that the alleged infringer made, used, offered to sell, sold, or imported a patented invention during the term of the plaintiff's patent and without authority to do so. 35 U.S.C. § 271.

Here, Plaintiff alleges only that he had the idea for something like Google or Instagram – not that he actually developed the technology or was issued a patent. Plaintiff thus fails to state a claim for patent infringement.

**C.     Cybersquatting**

The Anticybersquatting Consumer Protection Act (ACPA) amends the Trademark Act of 1946 to create a federal remedy for cybersquatting – that is, for warehousing and trafficking in domain names. *See also Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 496 (2d Cir. 2000) (discussing bad faith intent to profit from domain names). The ACPA provides, in part, that a person violates the ACPA if such person, acting in bad faith, profits from a trademark and "registers, traffics in, or uses a domain name that . . . is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark[.]" 15 U.S.C. § 1125(d)(1)(A).

Plaintiff fails to state a claim because his allegations do not give rise to a plausible inference that the named defendants violated the ACPA. Rather, his allegations that he intended to warehouse domain names linked to, and presumably trademarked by, well-known businesses appears to describe the type of behavior that the ACPA prohibits. Plaintiff therefore fails to state a claim against any Defendant for interfering with a domain registration.

**D.     Diversity Jurisdiction Over State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the Court has dismissed Plaintiff's federal claims. Although it appears that Plaintiff may be able to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, in order to assert his state law claims, the Court declines to do so for the reasons set forth in its prior order, *see Allen v. Patton*, ECF 1:21-CV-3434, 6.

**E.     Leave to Replead**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead if "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that

5

federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's claims appear to be wholly implausible and granting leave to amend his complaint would be futile, the Court declines to do so.

**F.     Litigation History**

As noted in the prior action before this Court, ECF 1:21-CV-3434, 2, Plaintiff filed five substantially similar complaints on April 19, 2021. In addition to this action and the 21-CV-3434 action, Plaintiff also filed: (1) *Allen v. Patton*, ECF 1:21-CV-3457, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming William Wang, CEO of Vizio as a third defendant); (2) *Allen v. Patton*, ECF 1:21-CV-3459, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Sundar Pichai of Google as a third defendant and also alleging that Plaintiff had the idea for Spotify); and (3) *Allen v. Patton*, ECF 1:21-CV-3468, 2 (S.D.N.Y. filed April 19, 2021) (complaint naming Amazon founder Jeff Bezos). In all five actions he sought to proceed IFP.

Ten days later, and before this Court warned Plaintiff, he filed an additional five complaints where he sought to proceed IFP: (1) *Allen v. Klein*, ECF 1:21-CV-3839, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented "Canopy Growth"); (2) *Allen v. Finley*, ECF 1:21-CV-3840, 2 (S.D.N.Y. filed April 29, 2021) (complaint alleging that Plaintiff invented the business name "Aquafina");  (3) *Allen v. Cole*, ECF 1:21-CV-3844, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's "time dating [Defendant Keyshia Cole] [and] . . . develop[ing] her as a R&B singer"); (4) *Allen v. Almanazar*, ECF 1:21-CV-3838, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's relationship with his "birth sister . . . Belcalis Almanzar (Cardi B)" and his attempts to reach her through Snapchat); and (5) *Allen v. Thomas*, ECF 1:21-CV-3841, 2 (S.D.N.Y. filed April 29, 2021) (complaint describing Plaintiff's creation of the name "GameStop").

The Court again warns Plaintiff that vexatious or frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions IFP unless he receives prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 7, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge